UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS INC, ASSET-BACKED CERTIFICATES, SERIES 2005-6; DITECH FINANCIAL LLC<br><br>Plaintiffs/Counter Defendant,<br><br>v.<br><br>ALIANTE MASTER ASSOCIATION; MORNINGSTAR INVESTMENT GROUP, LLC,; ANGELA MILASKY<br>Defendants/Counter Claimant/Third Party Defendant | Case No. 2:16-cv-01939-RFB-BNW<br><br>ORDER |

## I. INTRODUCTION

Before the Court are Plaintiff Bank of New York[1]'s ("Bank of New York" or "Plaintiff") Motion for Summary Judgment and Defendant Aliante Master Association's ("Aliante") Motion for Summary Judgment. ECF Nos. 89, 90. For the following reasons, the Court grants Bank of New York's Motion and denies Aliante's motion.

## II. PROCEDURAL BACKGROUND

Plaintiff sued defendants on August 15, 2016. ECF No. 1. Plaintiff amended its complaint on October 27, 2016. ECF No. 20. The operative amended complaint seeks quiet title and a declaratory judgment that Plaintiff's interest in a Las Vegas property was not extinguished by a

---

[1] Plaintiff Ditech Financial LLC originally filed this motion, however the Court granted Bank of New York's Motion to Substitute Party on January 3, 2020. ECF No. 100.

nonjudicial foreclosure sale conducted pursuant to Chapter 116 of the Nevada Revised Statutes ("NRS"). Id. The complaint also brought a wrongful foreclosure claim against Aliante Master Association. Id.

On March 14, 2017, the Court stayed this matter pending the Supreme Court's decision on whether to grant a petition for certiorari in Bourne Valley Court Tr. v. Wells Fargo Bank, N.A., 832 F.3d 1154 (9th Cir. 2016), cert. denied 137 S. Ct. 2296, abrogated by Bank of Am. N.A. v. Arlington W. Twilight Homeowners Ass'n, 920 F.3d 620 (9th Cir. 2019) and dismissed all pending motions without prejudice. ECF No. 53, 54.

The stay was lifted on January 9, 2019 and a new scheduling order was imposed, under which the parties could file dispositive motions until February 22, 2019. ECF No. 57. Plaintiff moved for summary judgment on January 10, 2019, and the motion was fully briefed. ECF Nos. 58, 64, 66, 72.

Defendant Morningstar Investment Group, LLC ("Morningstar") answered the amended complaint and asserted counter and third-party claims on January 29, 2019. ECF No. 60. Morningstar also moved to strike exhibits attached to Ditech's motion for summary judgment on January 31, 2019. ECF No. 65. The motion was fully briefed. ECF No. 73, 79.

Aliante also moved for summary judgment on February 1, 2019. ECF No. 68. The motion was fully briefed. ECF Nos. 74, 76. On March 7, 2019, Ditech filed a notice of bankruptcy and a notice of order lifting the automatic stay. ECF Nos. 77, 78.

The Court held a hearing on the pending summary judgment motions and motion to strike on August 29, 2019. ECF No. 88. During that hearing, the Court reopened discovery for sixty days on the issue of tender and denied the summary judgment motions without prejudice. Id. The Court allowed the parties to refile their motions. Id.

Plaintiff refiled its motion for summary judgment on November 4, 2019. ECF No. 89. A response, reply, and supplement were filed. ECF Nos. 92, 93, 95, 101–02. Aliante also moved for summary judgment on that date. ECF No. 90. A response and reply were also filed. ECF Nos. 91, 94. On January 3, 2020, the Court granted Plaintiff Bank of New York's Motion to Substitute Party, and Bank of New York assumed Ditech Financial LLC's position in this litigation.

### III.     FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.

#### a.  Undisputed Facts

Angela Milafsky purchased property at 3221 Birdwatcher Avenue, North Las Vegas, Nevada by obtaining a loan from Countrywide Home Loans, Inc. The loan was secured by a deed of trust that was recorded on May 16, 2005, listing Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. MERS transferred its interest to Bank of America, N.A., ("Bank of America"), as evidenced by an assignment of deed of trust that was recorded on July 6, 2011. Bank of America assigned its interests in the deed of trust to Ditech Financial LLC via an assignment of deed of trust recorded on December 3, 2015. On or about November 19, 2019, Ditech assigned its interest to Plaintiff Bank of New York, as evidenced by an assignment of deed of trust recorded on November 22, 2019.

The property sits in the Aliante Master Association common-interest community, which is governed by Aliante's Covenants, Conditions, and Restrictions and by NRS Chapter 116.

After Milafsky failed to timely pay the homeowners' assessments on the property, Aliante, through its agent Nevada Association Services ("NAS"), initiated the foreclosure process under NRS Chapter 116 by recording a notice of delinquent assessment lien on June 10, 2010. The notice of delinquent assessment lien stated that the Aliante Master Association had a lien on the property,

and listed the total amount owed as $1,757.46, with $903.46 of the total consisting of late fees, collection fees and interest. The notice did not specify the total of the superpriority portion of the lien. Aliante, through NAS, subsequently recorded a notice of default on August 5, 2010. The notice of default listed a total amount owed of $2,804.19, and also did not specify the total of the superpriority portion of the lien.

On September 15, 2010, attorney Rock K. Jung, Esq., of the firm Miles, Bauer, Bergstrom & Winters, LLP, counsel for and on behalf of Bank of New York's predecessor-in-interest BAC Home Loans Servicing, LP fka Countrywide Home Loans, Inc., ("BAC") forwarded correspondence to NAS requesting the superpriority amount of the lien. NAS responded to Jung's request by providing a statement of Milafski's account.

The statement of Milafski's account listed delinquencies accrued from April 2009 to June 2010, with monthly assessments of $39. No nuisance abatement or maintenance charges were listed on that ledger. Jung then mailed NAS a second letter, enclosing a check for $351—a total to cover nine months of association's assessments. The letter accompanying the check included the following paragraph:

> This is a non-negotiable amount and any endorsement of said cashier's check on your part, whether express or implied, will be strictly construed as an unconditional acceptance on your part of the facts stated herein and express agreement that BAC's financial obligations towards the HOA in regards to the real property located at 3221 Birdwatcher Avenue have now been "paid in full."

NAS returned the check on November 23, 2010. During this time, NAS had a policy of not accepting conditional payments made from a third party unless NAS had specifically already agreed to do so. NAS would also reject conditional third-party checks without noting the rejection in the file.

- 4 -

Aliante, through NAS, then recorded a notice of foreclosure sale on July 24, 2013. A foreclosure deed was recorded on October 4, 2013, indicating that Morningstar purchased the property on August 16, 2013.

### b. Disputed Facts

The parties dispute whether NAS received the check from Miles Bauer, and whether the amount Miles Bauer sent was the full amount owed on the superpriority portion of the lien.

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986).When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

### a. Futility of Tender

Chapter 116 of the Nevada Revised Statutes allows a homeowners association with a superpriority lien to extinguish a deed of trust. Nev. Rev. Stat. § 116.3116(2). A deed of trust beneficiary such as Bank of New York may preserve its deed of trust by tendering the superpriority portion of the HOA's lien before the foreclosure sale is held. Bank of Am., N.A. v. SFR Invs. Pool 1, LLC, 427 P.3d 113, 116 (2018). However, the Nevada Supreme Court has held that "formal tender is excused when evidence shows that the party entitled to payment had a known policy of rejecting such payments." 7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A., 458 P.3d 348, 349 (Nev. 2020).

Bank of New York and Morningstar differ significantly on the question of whether valid tender was effectuated in this case. But the dispute as to whether valid tender occurred in this case is irrelevant, because the undisputed facts indicate that tender would have been futile. The Court finds that the undisputed evidence indicates that NAS had a policy of rejecting payments accompanied with the conditions delineated in the Miles Bauer letter.

The Nevada Supreme Court decided similarly in another case involving NAS and Miles Bauer from a similar time period. In 7510 Perla Del Mar Ave Trust, the Nevada Supreme Court determined that substantial evidence supported a lower court's determination that the HOA, through its agent NAS, had "an ordinary course of business of rejecting payments from Miles Bauer if the payments were only for the superpriority component." Id. at 350. The district court in that case relied on trial testimony from Rock Jung and Susan Moses, both of whom "provided testimony that NAS had a known business practice to systematically reject any check tendered for less than the full lien amount." Id. at 351.

The Court finds that the undisputed similar evidence in this case also establishes that NAS had a business practice of systemically rejecting any check tendered for less than the full

- 6 -

amount of the lien. In her deposition testimony procured after discovery was reopened in this case, Susan Moses confirmed that it had "always been a policy" to reject conditional checks from third parties. Rock Jung explained, based upon his years of experience with NAS and the many cases that he handled, that the letters and checks sent to NAS were returned to Miles Bauer. He understood that they would only accept letters with checks with "the full amount of the claim lien, the full outstanding lien." Thus, the Court finds that the undisputed evidence establishes that NAS had a policy of rejecting tender offers for less than the full amount of the lien and that Rock Jung was aware of this policy. The Court finds that this evidence is sufficient to have excused Plaintiff's predecessor-in-interest from an obligation to tender payment, and therefore preserved the deed of trust. 7510 Perla Del Mar Ave Tr., 458 P.3d at 349.

Because the Court finds that Plaintiff Bank of New York's deed of trust survived the foreclosure sale, the Court dismisses Plaintiff's wrongful foreclosure claim brought in the alternative.

### VI.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Bank of New York's Motion for Summary Judgment (ECF No. 89) is GRANTED. The Court quiets title and declares that Defendant Morningstar Investment Group, LLC acquired the property subject to Bank of New York's deed of trust. The Court declares the foreclosure sale void only as to the superpriority portion of the lien.

**IT IS FURTHER ORDERED** that Defendant Aliante Master Association's Renewed Motion for Summary Judgment (ECF No. 90) is DENIED as moot because the Court dismissed the wrongful foreclosure claim.

1  **IT IS FURTHER ORDERED** that the notice of lis pendens filed in this case (ECF Nos. 3) is expunged.

**IT IS FURTHER ORDERED** that Defendant Morningstar Investment Group, LLC shall have fifteen days from the date of this order to either voluntarily dismiss its third-party claim against Defendant Angela Milasky or move for default judgment against Milasky.

**DATED:** August 10, 2020

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**